High Court of Errors and Appeals.   June 14, 1826.

*Ridgely's Notebook V, 68.*

## JOHN BAILEY v. PATTERSON and PARSONS.

High Court of Errors and Appeals.   June 14, 1826.

*Ridgely's Notebook V, 71.*

*Bates* for plaintiff in error.   *H. M. Ridgely* for defendant. . . .

CHANCELLOR RIDGELY delivered the opinion of himself, of CHIEF JUSTICE BOOTH, and of COOPER and STOUT, Justices of the Court of Common Pleas:

This is an action for the use and occupation of a farm. Patterson and Parsons, the defendants in error and plaintiffs below, purchased on the 2nd July, 1821, at a sale made by the Sheriff of Kent, in virtue of a judgment and writ of execution sued out against William Kennedy, his life estate in the said farm situate in said county. At the time of the purchase and before, John Bailey, the plaintiff in error and defendant below, was tenant

for years of the said farm under a demise made by said Kennedy. The judgment upon which the land was sold was antecedent to the demise. Kennedy and Bailey, at the time of the demise, made an express contract. The holding was from March 25. The rent was payable in kind. Kennedy was indebted to Bailey [for] fifteen or sixteen hundred dollars, and he directed Bailey to apply the rents as they should accrue, as credits to said debt. This suit was brought before the sheriff had made a conveyance of the land to Patterson and Parsons.

The court, in the charge to the jury, told them that the production of a sheriff's deed was not necessary in this action; that the question as to the legal title was not material; that assumpsit for use and occupation may be maintained on a contract, express or implied; and if the jury should be of opinion that the defendant occupied with the permission of Patterson and Parsons, the suit was maintainable; and that it was for the jury to decide whether the tenant held the land with their permission. The principal question, the court said, was whether Bailey held the land with the permission of Patterson and Parsons, or whether his holding was adverse and tortious. The court considered an adverse and tortious holding to be a holding in opposition to their title, and against their will and consent. That if the holding was not under the plaintiffs (the defendants in error) they could not recover. As to the contract about the application of the rents to the credit of the debt due from Kennedy to Bailey, the court said that if the jury should be of opinion that there was such a contract, and if it was made before the judgment was rendered on which the land was sold, that then the plaintiffs (defendants in error) could not recover, but if it was made after the judgment was rendered, the judgment being prior, the contract would present no obstacle to the recovery.

This was the charge to the jury, and upon this charge the writ of error is grounded. The amount of it is that if the jury should find that Bailey held the land by permission of Patterson and Parsons, the action for use and occupation would lie; but if his possession was adverse and tortious, and not under them, the action could not be maintained. And further that a deed from the sheriff conveying the estate of Kennedy in the land to them was not necessary, or in other words, that Bailey should not be allowed to question their title, if his holding was by their permission.

The whole case turned on the contract express or implied between the parties. The jury found for the plaintiff below, and thereby established the fact that the defendants below did hold by the permission of Patterson and Parsons; and if that were

the fact, and so we must take it after the verdict, the action would well lie, and the defendant below ought not to have been allowed to question the title, or to say that the plaintiff below had no title because the sheriff had not made a conveyance. The court put the case in the alternative. If the holding was with the permission of the plaintiffs below, the plaintiff is right; if the holding is adverse or tortious, the defendant is right. The jury found the fact in favor of the plaintiffs below; and that being so found, the deed was immaterial.

Further, the judgment being antecedent to the special contract made by Kennedy and Bailey about the application of the rents, the title of plaintiffs under the purchaser superseded or overruled that contract, and it ceased to have any operation when the judgment took effect, that is, on the sale made under the judgment.

Judgment affirmed.